By the Court.—Vah Vorst, J.
The plaintiff has an interest under the deed of trust, executed by Coolbaugh to the defendant in 1866.
The existence of a claim in his favor is recognized by the trustee, and provision is made for its payment out of the trust estate conveyed to defendant, although the amount of the claim is not fixed by the instrument.
The plaintiff has a direct interest to insist that the trust be properly administered, and the property faithfully applied according to the terms of the deed.
The motion of the plaintiff was for an order that defendant be ordered to pay the money admitted to have come in his hands under the trust deed, and unadministered into court, and that a receiver be appointed, etc. The allegations in the missing affidavit were to the effect that defendant had recently failed in business and became insolvent, and that his personal property had been seized and sold by the sheriff on execution, and that the trust fund, unless secured, was in danger.
The motion was made, in an action pending in the plaintiff’s favor, to compel an accounting by the defendant for his removal from the trusteeship, and for the appointment of a receiver.
The defendant, by his affidavit in answer to the motion, denied the allegations of his insolvency, but did not deny that his personal property had been seized and sold by the sheriff on execution on judgments against him. The defendant, in his affidavit, read on the motion, stated “that he is ready, able, and willing to discharge and perform all his duties and liabilities as such trustee, and to give such security for the same as this court may deem necessary.”
*194 On. the hearing of the motion the court deeming that security was necessary, made an order fixing the amount of the security to be given by defendants, and its form and conditions, and in the event that the security was not given by the time fixed in the order, the plaintiff’s motion should be granted.
It having been left to the discretion of the court by the defendant to direct the giving of security, if it should be deemed necessary, we think that the order made by the judge directs the giving of such security, and if not given, that the motion he granted cannot be received on appeal.
A decision made on motion, which is left to the discretion of the court by law, is not appealable, unless the discretion be abused (Briggs v. Vandenburgh, 22 N. Y. 468; Foshay v Drost, 4 Bosw. 664; Fort r. Bard, 1 Corns. 43). If it was so left by the counsel of the parties, on a motion, and to be exercised in fixing the conditions of granting or denying a motion, the result would be same.
Besides, the granting of the order did not affect the merits of the controversy, or involve a substantial right under the issues in the action. It determined nothing on the merits against the defendants. Its object was to secure the money and profits for distribution under the deed of trust. This was in the interest of all the beneficiaries, and is not appealable, and was deemed necessary by the court (Sheldon v. Weeks, 2 Barton R. 533 ; Siney v. N. Y. Consol. Stage Co., 28 How. 481; Moore v. Moore, 14 Barb. 27; Rowley v. Van Benthuysen, 16 Wend. 376).
The defendant may yet give the security ordered by Judge Curtis, and avail himself of its terms.
The order appealed from is affirmed, with costs.
Freeemah, J., concurred.